## AFFIDAVIT OF JESSICA M. THOMPSON

I, Jessica M. Thompson, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the United States Department of Housing and Urban Development, Office of Inspector General ("HUD OIG") and have been so employed since May, 2003. I am currently assigned to the Boston Field Division where my duties include the investigation of fraud, waste and abuse of Department of Housing and Urban Development programs and criminal activities including mail fraud, wire fraud, bank fraud and identity theft.

2. I am aware that Title 18 of the United States Code, Section 1343, makes it a crime for anyone who has devised or intended to devise a scheme or artifice to defraud, or obtained money or property by means of false or fraudulent pretenses, representations, or promises to transmit or cause to transmit by means of wire communications in interstate commerce, any writings or signals for the purpose of executing such scheme or artifice. I am also aware that Title 18 of the United States Code, Section 1001 (a), makes it a crime for anyone to knowingly and willfully make materially false or fraudulent statements in a matter within the jurisdiction of the executive branch of the United States government, and further that Title 18, United States Code, Section 641, makes it a crime for anyone to steal or knowingly convert to his own use or the use of another, any thing of value of the United States or any department thereof.

3. I make this affidavit in support of a criminal complaint charging Celia Thomas ("THOMAS") with wire fraud in violation of Title 18, United States Code, Sections 1343 and 2, making false statements in violation of Title 18, United States Code, Section 1001 (a), and theft of government funds in excess of $1,000 in violation of Title 18, Section 641.

4. The facts stated herein are based on my own personal involvement with this

investigation, as well as on information provided to me by other law enforcement officers involved in the investigation. In submitting this affidavit, I have not included each and every fact known to me about this investigation. Rather, I have submitted only those facts which I believe are sufficient to establish probable cause.

5. At times material to this complaint, THOMAS lived at 10 Dix Street, Boston, Massachusetts ("10 Dix Street") and was employed by the City of Boston, Department of Neighborhood Development.

Mortgage Fraud Scheme

6. Beginning in or about May 2003 and continuing through at least November 2009, THOMAS engaged in a scheme to defraud and obtain money and property of various mortgage lenders in connection with the property located at 10 Dix Street.

7. Between 2003 and 2008, 10 Dix Street has been in and out of foreclosure proceedings with various owners of record and lenders. Throughout this period, THOMAS lived at 10 Dix Street whether or not she appeared as the owner of record of the property and whether or not any mortgage payments were made.

8. In or about May 2008, THOMAS coordinated a sham sale of 10 Dix Street to straw buyers ("Straws"). I have interviewed the Straws and they told me that THOMAS approached them and told them that she was going to lose her house to foreclosure. The Straws told me that THOMAS asked them to put 10 Dix Street in their names so that she could continue to live at the property. According to the Straws, THOMAS completed a materially false loan application in the Straws' names and submitted the application to IndyMac Bank, Federal Savings Bank (F.S.B.), located in Pasadena, California. This loan application stated, among other things, that the Straws intended to reside at 10 Dix Street as their primary residence and

that their assets included the sum of $26,010 held in an account at Metro Credit Union. THOMAS also caused a materially false Occupancy Agreement in the Straws' names to be submitted to IndyMac Bank, which represented that the Straws intended to occupy 10 Dix Street as their primary residence and acknowledged that the lender relied upon such representation in granting the loan.

9. As THOMAS well knew, the Straws did not intend to occupy 10 Dix Street as their primary residence because in fact THOMAS intended to, and did, continue to live at 10 Dix Street. Also, THOMAS provided the Straws with $20,000 that was deposited into their Metro Credit Union account to make it appear that they could afford to purchase 10 Dix Street. The HUD-1 falsely reflected that the sum of $23,263.04 in closing costs was paid by the Straws when in fact $20,000 of the closing costs actually belonged to THOMAS.

10. A Federal Housing Administration insured mortgage was used to finance 10 Dix Street. The mortgage, insured by the Federal Housing Administration, was funded on or about June 6, 2008, in the amount of $348,236.28 via a wire transfer from IndyMac Bank in California to the settlement agent's IOLTA account at Sovereign Bank (account number 89000073042) in Massachusetts.

11. The Straws also told me that after the closing, THOMAS paid them $8,000 for participating in this sham transaction. This payment was not disclosed to the mortgage lender.

12. The Straws never resided at 10 Dix Street and never made any mortgage payments. During the period August 2008 through July 2009, THOMAS made the mortgage payment from her City of Boston Credit Union bank account. After July 2009, no mortgage

3

payments have been made and the property has gone into foreclosure. THOMAS continues to live at 10 Dix Street.

Section 8 Housing Assistance Payments Scheme

13. From December 2003 through July 2008, THOMAS also devised and participated in a scheme to defraud and obtain money or property from HUD through its Section 8 Housing Assistance Payments program by means of materially false representations relating to the ownership and occupancy of 10 Dix Street.

14. HUD provides housing subsidies for qualified low-income families and individuals pursuant to a program commonly referred to as "Section 8". In brief, qualified individuals or families with Section 8 vouchers pay a portion of the rent they would otherwise be charged and a public housing agency pays the landlord the remainder. Pursuant to HUD requirements, a Section 8 tenant may neither share housing with his/her landlord nor rent from a family member absent certain prior approvals.

15. During the period May 2003 until October 2004, THOMAS was the owner of record of 10 Dix Street, a single family residence. After October 2004, THOMAS continued to live at 10 Dix Street although she was no longer the owner. Selina Johnson, THOMAS's daughter, resided at 10 Dix Street with THOMAS as did, for certain periods of time, Ed Johnson, Selina Johnson's father.

16. In December 2003, THOMAS, using the fictitious name "Fitzgeral Thomas," applied to the Boston Housing Authority ("BHA") to be a landlord recipient of Section 8 HAP funds at 10 Dix Street. Among other things, THOMAS represented to the BHA that "Fitzgeral

4

Thomas" owned 10 Dix Street. To support this falsehood, in January 2004 THOMAS used the fax machine at her place of employment, The Department of Neighborhood Development, to fax a copy of a deed for 10 Dix Street to the BHA which purported to show that "Fitzgeral Thomas" had acquired 10 Dix Street in May 2003. In fact, THOMAS had acquired 10 Dix Street in May 2003. The deed she sent to the BHA by fax had been fraudulently altered to substitute the name "Fitzgeral" for "Celia."

17.     THOMAS also submitted documents to the BHA representing that Ed Johnson would be renting Unit #1 from Fitzgeral Thomas and further that Johnson's daughter, Selina, would reside in Unit #1 with Johnson. THOMAS represented that the owner, "Fitzgeral Thomas," would live in Unit #2. In fact, 10 Dix Street is a single family residence.

18.     According to a records search of the Suffolk County Registry of Deeds, no individual named "Fitzgeral Thomas" has ever owned any properties within Suffolk County.

19.     Based on the fraudulent submissions, Ed Johnson was approved for a Section 8 rent subsidy at the 10 Dix Street location and during the period February 1, 2004 through July 1, 2008, the BHA issued HAP checks payable to "Fitzgerald Thomas" as owner/landlord in the total amount of $69,704. These payments were mailed to "Fitzgerald Thomas" at Post Office Box 961831, Boston, MA 02196. This post office box is registered to THOMAS.

20.     The BHA HAP checks, payable to "Fitzgerald Thomas," were endorsed in various ways including "Fitzgerald Thomas;" "Deposit Only Fitzgeral Thomas;" and "Fitzgeral Thomas, Celia Thomas." All of the checks were deposited into four Citizens Bank accounts (1140505907; 1300746472; 1144190668; 1303889754). I have reviewed the bank records for

5

these accounts and all of these accounts are in THOMAS's name.

21. THOMAS fraudulently obtained approximately $69,704 in Section 8 HAP by causing the BHA to issue checks for the fraudulently obtained BHA Section 8 HAP, payable to Fitzgerald Thomas.

Conclusion

22. Based on the foregoing, I have probable cause to believe that THOMAS devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises in connection with the mortgage financing from IndyMac F.S.B. for the purchase of 10 Dix Street and did cause writings, signs, signals, pictures, or sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme or artifice Title 18, United States Code, Sections 1343 and 2.

23. Further, based on the foregoing, I have probable cause to believe that THOMAS knowingly and willfully falsified, concealed, or covered up by trick, scheme, or device a material fact and made false, fictitious, or fraudulent statements and representations to the BHA in violation of Title 18, United States Code, Section 1001 and THOMAS stole, purloined and knowingly converted to her own use and the use of another, without authority, BHA Section 8 HAP in the amount of $69,704, in violation of Title 18, United States Code, Section 641.

I hereby certify that the foregoing is true and correct.

Executed this   day of February, 2011.

*Jessica M Thompson*
Jessica M. Thompson
Special Agent, HUD OIG

Subscribed and Sworn to before me this
16 day of February, 2011.

*Judith Gay Dein*
Chief Magistrate Judge Judith G. Dein

7